UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
QUAHERI REDCROSS,

                            Petitioner,                     **REPORT AND**
                                                                                 **RECOMMENDATION**
         -against-
                                                                               06 Civ. 3882 (KMK) (GAY)

KEVIN KELLER, Acting Superintendent of
Mid-Orange Correctional Facility,

                            Respondent.
------------------------------------------------------------X

TO THE HONORABLE KENNETH M. KARAS, United States District Judge:

       Petitioner Qhaheri Redcross ("petitioner"), proceeding *pro se*, has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, I respectfully recommend that the Court deny the petition in its entirety.

**I. BACKGROUND**

       Petitioner's conviction stems from a violent assault which occurred on the evening of December 9, 2001 in the City of Newburgh in Orange County, New York. On May 30, 2002, immediately prior to the commencement of a jury trial in Orange County (Rosenwasser, J., presiding), petitioner pled guilty to the crime of Attempted Assault in the First Degree and resulting violation of probation. Said guilty plea was in full satisfaction of Orange County Indictment Number 2002-036, charging him with Attempted Murder in the Second Degree, Attempted Assault in the First Degree,

1

Attempted Robbery in the First Degree, Criminal Possession of a Weapon in the Second Degree, and Criminal Possession of a Weapon in the Third Degree.  During said plea colloquy, Judge Rosenwasser accepted the People's recommendation that petitioner be sentenced to ten years of the fifteen maximum allowed for attempted assault convictions.  See Plea Transcript 3:8-17, Docket #6.  Petitioner's attorney affirmed that petitioner was aware of the proposed maximum sentence.  Id. 3:18-20.  No one mentioned a mandatory post-release supervision requirement that would attach to petitioner's ten-year sentence.  Id.

     The court accepted petitioner's plea and on October 11, 2002, adjudicated petitioner a violent felony offender.  The court sentenced petitioner to a determinate period of incarceration of ten years plus five years of post-release supervision.

     Petitioner, by and through counsel, timely appealed the judgment of conviction and sentence to the Appellate Division, Second Department on the grounds that: (1) his waiver of right to appeal was unknowing and voluntary; (2) he was deprived of his right to trial by jury and due process in sentencing; (3) his sentence was unduly harsh and severe; and (4) the imposition of post-release supervision rendered his plea involuntary. Appellant's [Petitioner's] Brief, No. 2002-10152, at 5-30, Resp. Memo. of Law Ex. 2. The Court of Appeals of the State of New York denied petitioner's request for further review.  People v. Redcross, 828 N.E.2d 93 (N.Y. 2005).

     On May 22, 2006, petitioner timely filed the instant Petition for a Writ of Habeas Corpus wherein he asserts that he is entitled to habeas relief on the grounds that his guilty plea to the class C felony of Attempted Assault in the First Degree was involuntary, unknowing, and unintelligent.  Petitioner asserts that he was not notified

"during his plea allocution that the agreed upon determinate sentence of ten years included a component of five years of post-release supervision." Pet. at § 13, ¶¶ 1-2, 4-6.

## II. STANDARD OF REVIEW

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state court questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). See 28 U.S.C. § 2254(a). Subsequent to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, which amended 28 U.S.C. § 2254, a federal court may not grant habeas relief for any claim adjudicated on the merits in state court unless the petitioner establishes, in pertinent part, that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Id. § 2254(d)(1). Further, pursuant to 28 U.S.C. § 2254(d)(2), a federal court may grant habeas relief when a claim considered on the merits in state court "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2). To the extent that a habeas petition challenges factual findings, "a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Id. § 2254(e)(1).

### III. PROCEDURAL BAR

Petitioner contends that he is entitled to habeas relief because the trial court failed to inform him of a direct consequence of his plea, namely mandatory post-release supervision, during his plea allocution. Petitioner presented this argument to the Appellate Division, Second Department on direct appeal. The Appellate Division rejected petitioner's involuntary plea claim, stating that it was "unpreserved for appellate review since he did not move either to withdraw his plea on this ground or to vacate the judgment of conviction." People v. Redcross, 787 N.Y.S.2d 374, 375 (App. Div. 2004) (citations omitted).

Federal habeas corpus review of a state court's denial of a state prisoner's federal constitutional claim is barred if the state court's decision rests on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional violation, or show "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). See Lee v. Kemna, 534 U.S. 362, 375 (2002). A procedural bar is "adequate" if it is "based on a rule that is firmly established and regularly followed by the state in question." Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (internal quotation and citation omitted). Further, the adequacy of a state procedural bar must be examined in the context of "the specific circumstances presented in the case, an inquiry that includes an evaluation of the asserted state interest in applying the procedural rule in such

circumstances." Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003). To this end, the Second Circuit has set forth the following "guideposts":

> (1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had "substantially complied" with the rule given "the realities of trial," and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest.

Id. (quoting Lee, 534 U.S. at 381-85).

Here, the Appellate Division clearly relied on an independent state procedural rule in denying petitioner's involuntary plea claim. The Appellate Division held that petitioner's involuntary plea claim was unpreserved for appellate review. People v. Redcross, 787 N.Y.S.2d at 375. The court "relied on" this procedural violation in making its decision. Well settled caselaw mandated said outcome. See, e.g., People v. Richards, 774 N.Y.S.2d 350 (App. Div. 2004); People v. Wilson, 745 N.Y.S.2d 447 (App. Div. 2002); People v. Piediscalzo, 731 N.Y.S.2d 656 (App. Div. 2001). Finally, petitioner did not "substantially comply" with these procedural requirements prior to appealing to the Appellate Division.[1] Accordingly, petitioner forfeited this claim in state

---

[1] Petitioner moved to set aside his sentence pursuant to CPL § 440.20 in September 2005, after the Appellate Division rendered its decision. Decision and Order, People v. Redcross, No. 0032/2002, at 1 (N.Y. Orange County Ct. Jan. 11, 2006), Resp. Memo. of Law Ex. 8. The county court denied petitioner's motion because no facts demonstrated that his sentence was illegally imposed, or harsh and excessive. Id. at 2. Petitioner did not appeal from the county court's decision. Pet. § 12(a). Regardless, petitioner makes clear that the present habeas petition is based solely on his direct appeal to the Appellate Division and subsequent appeal to the Court of Appeals. Pet. Traverse Brief at 2 ("Petitioner Redcross contends now, as he always has, . . . that his post conviction motion is neither the basis of the claims herein nor used to toll . . . ."). Accordingly, this Court does not review the adequacy of petitioner's claim pursuant to his CPL § 440.20 motion.

court, barring "him from litigating the merits of [this] claim[] in federal habeas proceedings." Grey v. Hoke, 933 F.2d 117, 121 (2d Cir. 1991).

Thus, in order for petitioner's claim to receive federal habeas review, petitioner must demonstrate in his habeas petition "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Petitioner has made no claim of actual innocence amounting to a miscarriage of justice. See Murray v. Carrier, 477 U.S. 478, 496 (1986). Nor is there any indication on the record that this Court's failure to address the merits of petitioner's contentions would result in a fundamental miscarriage of justice. Therefore, petitioner may circumvent the procedural bar on habeas review of his claim only by demonstrating both cause and prejudice.

"Cause" may be established by showing that either (1) the factual or legal basis for the claim was not reasonably available; (2) some interference by state officials made compliance with the procedural rule impracticable; or (3) the procedural default was the result of ineffective assistance of counsel. See Bossett, 41 F.3d at 829. Here, petitioner has made no attempt to show cause for his procedural default. In fact, petitioner moved to vacate his sentence after the Appellate Division decision and subsequent appeal. Additionally, petitioner's failure to withdraw his plea in order to preserve the "benefit of his bargain" does not reach the meaning of "cause" herein. See Coleman, 501 U.S. at 753 (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)) ("'cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him") (emphasis in the original).

Accordingly, I respectfully recommend that petitioner's claim is procedurally barred from consideration by this Court and must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, I respectfully recommend that the instant petition for a writ of habeas corpus be dismissed.

## V. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b)(3) of the Rules governing § 2254 proceedings, the parties shall have ten (10) days from the receipt of this Report to serve and file written objections to this Report and Recommendation.  If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections.  See Rule 11 of the Rules governing § 2254 proceedings;  Fed. R. Civ. P. 6(d).  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Kenneth M. Karas at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.  See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Kenneth M. Karas and not to the undersigned.

Dated:	January 25, 2009
	White Plains, New York

Respectfully submitted,

_____
GEORGE A. YANTHIS
UNITED STATES MAGISTRATE JUDGE